UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION


ANGELA C. MOORE                                                                                PLAINTIFF

V.                                                        CIVIL ACTION NO.1:13-CV-137-SA -DAS

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT


ORDER AWARDING ATTORNEY FEES

Before the court is the claimant's motion for payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In these proceedings, the claimant sought judicial review of the final decision of the Commissioner of Social Security, denying a claim for benefits. By judgment dated January 17, 2014, the court remanded this case to the Commissioner for further proceedings. The claimant now seeks attorney's fees under the EAJA as the prevailing party, asserting the Commissioner's position was not "substantially justified." With her motion and attached exhibits, the claimant requests an award of $ 4,316.49. The claimant also requests $ 24.00 from the Judgment Fund as reimbursable expense.

The Commissioner objects to the hourly fees sought, arguing that attorney's fees should be capped at $ 175.00 per hour, citing this court's decision in *Swindle v. Astrue,* 2013 WL 1499181 (N.D. Miss. April 11, 2013). In that decision, the court held that $ 175.00 per hour represented a reasonable hourly fee for work performed in 2012 and 2013. The Commissioner argues that $ 175.00 per hour remains a reasonable fee for legal work done in 2014.

The EAJA, enacted in 1996, provided a statutory maximum hourly fee of $ 125.00 per hour, but included a provision to allow courts to adjust fees for increases in the cost of living. The plaintiff seeks $ 186.53 per hour for 2013 and $ 187.50 for 2014. The Secretary does not challenge the fees as an improper calculation of the cost-of-living adjustment, but relies solely on *Swindle*. The fees sought do represent the statutory maximum for these years, with adjustment according to the South Urban Region table of the Consumer Price Index.

This court attempted to do two things in its *Swindle* decision: determine a reasonable hourly attorney's fee for EAJA awards in this jurisdiction based on a perceived consensus of holdings in the court, and promote uniformity of fee awards.

First the court's decision in *Swindle* was not wrong that a large number of fee awards by this court set the hourly rate at $ 175.00 per hour. But closer inspection of these cases shows, not a determination by the court that this was the maximum reasonable hourly fee, but a practice among some, but not most, Social Security practitioners. These awards were a reflection of attorneys' requests and this hourly rate represents the bottom of the range of hourly fees typically requested in these cases.

The court further finds that setting the maximum allowable attorneys fees based on the full cost-of-living adjustment in EAJA cases still yields an hourly rate below the prevailing non-contingent hourly rate for experienced attorneys in other legal work within this jurisdiction. Given that these fee awards are in a specialized area of law that intersects with the complexities of medicine, the statutory maximum, fully adjusted for cost-of-living, represents a comparatively modest reward for capable practitioners. Therefore the court finds that the statutory maximum with the full cost-of-living adjustments pursuant to the Consumer Price Index is a reasonable attorney's fee in most Social Security cases.[1]

The court also finds that for two reasons the second goal in *Swindle* has not been realized. First, claimant's attorneys have been no more consistent with their fee requests after *Swindle* than before the decision. Additionally, the Commissioner often agrees to hourly fee requests at, and even slightly above, the hourly rate requested here. Indeed, the Commissioner did not object to this claimant's attorney's identical hourly fee request in another recent Social Security case. Without a consistent posture on fees from the Commissioner, the court finds that

---

[1] The court, of course, retains discretion to limit the hourly fees awarded for less complex cases or less capable representation.

the desired goal of consistency would be disserved by imposing the lower hourly fee based on sporadic objections by the Commissioner.

The court, having considered the foregoing and the record of this case, finds the claim for attorney's fees is reasonable and appropriate. The court costs in the amount of $ 24.00 should be paid from the Judgment Fund.

**IT IS ORDERED** that the claimant's motion for payment of attorney fees under the EAJA is hereby **GRANTED**, and the Commissioner shall pay the claimant $ 4,316.49 for the benefit of the claimant's attorney. The claimant shall be paid $ 24.00 for reimbursable expenses from the Judgment Fund for the benefit of counsel. These funds shall be mailed to the claimant in care of her counsel.

This the 3rd day of June, 2014.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE